**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN LEE BANKS, Sr., | No. 09-35787 |
| Plaintiff - Appellant, | D.C. No. 6:06-cv-06299-TC |
| v. | |
| DESCHUTES COUNTY; DESCHUTES COUNTY SHERIFF; LES STILES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted December 10, 2010
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.

Brian Lee Banks, Sr. was incarcerated as a pre-trial detainee at the

Deschutes County Adult Jail when Banks was assaulted by his cellmate, Kristopher

Holland. Banks filed suit against the county, the sheriff, and unnamed prison

guards ("Defendants") under 42 U.S.C. § 1983. Banks alleged that Defendants

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violated his constitutional rights by acting with deliberate indifference to his safety and medical needs. The district court granted summary judgment in favor of Defendants, and Banks filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them.

We review de novo a district court's grant of summary judgment. *F.T.C. v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009). Viewing the evidence in the "light most favorable to the non-moving party," we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Id.* We "may affirm summary judgment on any ground supported by the record." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 n.3 (9th Cir. 2008).

Pre-trial detainees have a due process right not to be punished. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). We analyze pretrial detainees' due process claims under the same standard that we apply to Eighth Amendment claims of convicted prisoners. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242-44 (9th Cir. 2010) (rejecting a pretrial detainee's arguments for a different standard).

To prove that prison officials violated his constitutional rights by failing to

prevent harm, Banks must show that incarceration conditions posed "a substantial risk of serious harm" *and* that prison officials showed "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). We apply a subjective standard of deliberate indifference. *Id.* at 837; *Clouthier*, 591 F.3d at 1244. To meet this subjective standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In this case, Banks fails to raise a genuine factual dispute that prison officials were aware of a substantial risk of serious harm prior to Holland's attack. Banks correctly notes that he may prove the defendants' subjective awareness of a risk "in the usual ways, including inference from circumstantial evidence." *Id.* at 842. But the circumstantial evidence merely shows that Holland had a disciplinary record. Holland's disciplinary record does not prove that Holland posed a *substantial* risk of serious harm to Banks, and it does not prove that prison officials were subjectively aware of any risk Holland posed. Banks has therefore failed to establish that his constitutional rights were violated.

Further, Banks brings claims against the county, but Banks provides no evidence that the county is responsible for the alleged constitutional violations. Under 42 U.S.C. § 1983, a local government may be liable for constitutional

3

violations only "when execution of [the] government's policy or custom" inflicts the constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Banks asserts that the county misclassified Holland's security level and that this misclassification led to Banks' injury. But Banks offers no evidence that the county had either a policy or customary practice of misclassification, and he does not show that Banks and Holland were celled together because of misclassification. The district court therefore properly granted summary judgment to Defendants on Banks' claim that prison officials were deliberately indifferent to his safety.

The same standard of deliberate indifference applies to claims of inadequate medical treatment, *see Lolli v. Cnty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003), but we do not separately address Banks' inadequate medical treatment claim. "[W]e 'review only issues which are argued specifically and distinctly in a party's opening brief.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994)). Although Banks alleges in his statement of facts that officers delayed in responding to his calls for help, Banks does not raise specific arguments regarding his inadequate medical treatment claim.

**AFFIRMED.**

4